```
                                        ☑ FILED      ___ LODGED
                                        ___ RECEIVED ___ COPY

                                              APR - 7 2014

                                        CLERK U S DISTRICT COURT
                                          DISTRICT OF ARIZONA
                                        BY_____ DEPUTY
```

David Furlong
12706 W. Corrine Drive
El Mirage, Arizona 85335
Tel: 602-790-7110
Plaintiff Pro Se

IN THE UNITED STATES DISTRICT COURT
FOR THE STATE OF ARIZONA, PHOENIX DIVISION

| | |
|---|---|
| David Furlong,<br>    Plaintiff,<br><br>v.<br><br>Cavalry SPV I, LLC,<br>Ewing & Ewing P.C.,<br>    Defendants | CAUSE No:<br><br>**COMPLAINT**<br><br>CV-14-00712-PHX-NVW<br><br>-- **JURY TRIAL DEMANDED** -- |

Plaintiff, David Furlong, for his Complaint alleges the following:

### Parties, Jurisdiction and Venue

1. Plaintiff David Furlong ("Plaintiff", "Mr. Furlong") brings this action for alleged violations of 15 United States Code, Section 1692, commonly referred to as the Fair Debt Collection Practices Act or FDCPA ("FDCPA"). Pursuant to FDCPA §1692k(d), this Court has jurisdiction over these proceedings. Because the alleged violations were committed within the State of Arizona and against one of its residents, venue is proper with this Court.

2. Mr. Furlong is a Natural Person who has at all times pertinent to this action lived within the State of Arizona. Mr. Furlong is a "consumer" within the meaning of FDCPA §1692a(3).

3. Defendant Cavalry SPV I, LLC ("Cavalry") is a foreign business domiciled within in the State of Delaware and organized under the laws thereof.  Cavalry is a "debt collector" within the meaning of FDCPA §1692a(6).

4. Defendant Ewing & Ewing Attorneys, P.C. ("Ewing") is a domestic business domiciled within the State of Arizona and organized under the laws thereof.  Ewing is a "debt collector" within the meaning of FDCPA §1692a(6).

## Factual Background

5. On or about February 4th, 2013, Defendant Cavalry filed a lawsuit ("Justice Court Lawsuit") against Mr. Furlong, alleging *inter alia* that he breached a credit card contract on an account he allegedly had with non-party Bank of America/FIA Card Services thus allegedly creating a debt ("Debt") owed by Mr. Furlong.  This alleged Debt falls under the definition provided by FDCPA §1692a(5).  Cavalry claims to have purchased the rights to collect this alleged Debt from Bank of America/FIA Card Services.

## First Cause of Action, Ewing's Violations of §1692e(11)

6. Mr. Furlong repeats, re-alleges and incorporates by reference the forgoing paragraphs.

7. Throughout the course of the litigation of the Justice Court Lawsuit, Defendant Ewing communicated directly with Mr.

1 Furlong on several occasions via email regarding the lawsuit and
2 alleged Debt. Mr. Furlong asserts that these communications
3 fall under the definition given by FDCPA §1692a(2) and, pursuant
4 to FDCPA §1692e(11), these communications were required to
5 contain a notice that the communications were sent by a debt
6 collector. Mr. Furlong asserts that no such notice was
7 contained within the communications sent by Ewing.

### Second Cause of Action, Cavalry's Vicarious Violations of §1692e(11)

8. Mr. Furlong repeats, re-alleges and incorporates by reference the forgoing paragraphs.

9. Mr. Furlong asserts that Defendant Cavalry is vicariously liable for violations committed by its attorney, Ewing.

10. Mr. Furlong therefore asserts that for any and all violations this Court finds attributable to Ewing, and the liability thereof, the Court must also find equally and separately attributable to Cavalry, including, but not limited to, Ewing's violation of §1692e(11).

### Third Cause of Action, Cavalry's Violation of §1692e

11. Mr. Furlong repeats, re-alleges and incorporates by reference the foregoing paragraphs.

12. Throughout the Justice Court Lawsuit, Cavalry

continuously and repeatedly represented that it could prove its claims against Mr. Furlong. Mr. Furlong asserts that Cavalry's evidence is not admissible under Arizona Rules of Evidence nor any well established legal theories, and Mr. Furlong further asserts that through the litigation of claims it cannot prove, Defendant Cavalry has used "false, deceptive [and/]or misleading representations" in connection with the collection of the debt it claims is owed by Mr. Furlong - a violation of FDCPA §1692e.

### Fourth Cause of Action, Cavalry's Violations of §1692e and §1692f(1)

13. Mr. Furlong repeats, re-alleges and incorporates by reference the foregoing paragraphs.

14. Mr. Furlong asserts that Cavalry claimed throughout the Justice Court Lawsuit that interest was owed to Cavalry on the alleged Debt when in fact Cavalry had no legal or contractual entitlement to any such interest, even if the Debt was owed by Mr. Furlong. Defendant Cavalry's claims in this regard are prohibited by, and violations of, FDCPA §1692e and FDCPA §1692f(1).

### Fifth Cause of Action, Cavalry's Violations of §1692f

15. Mr. Furlong repeats, re-alleges and incorporates by reference the foregoing paragraphs.

16. On several occasions during the litigation of the

Justice Court Lawsuit, Cavalry failed to comply with the Arizona Justice Court Rules of Civil Procedure including, but not limited to, failing to notify Mr. Furlong that he had a right to respond to certain of Cavalry's pleadings and also by filing pleadings past deadlines established for pleadings of their respective types. Mr. Furlong asserts that as a result of its disregard of the Rules, Cavalry enjoyed an unfair advantage over Mr. Furlong, and thereby violated §1692f.

## Jury Demand

17. Plaintiff demands a trial by jury on all matters so triable.

## Prayer for Relief

18. The FDCPA is a strict liability statute with a private right to action and, where a court finds a plaintiff has violated the Act, demands the court enter judgment in favor of a plaintiff. Each of paragraphs 7, 10, 12, 14 and 16 represent a unique and actionable offense under the FDCPA.

19. As a direct and proximate cause of Cavalry's and Ewing's actions, Mr. Furlong has suffered actual damages. These damages include, but are not limited to, frustration, sleeplessness and bewilderment.

20. Cavalry's actions were intentional, willful and in gross and reckless disregard of the rights of Mr. Furlong and as

1  a part of its persistent and routine practice of debt collection.

2      21. Ewing's actions were intentional, willful and in gross
3  and reckless disregard of the rights of Mr. Furlong and as a
4  part of its persistent and routine practice of debt collection.

5      22. Pursuant to §1692k, Plaintiff prays that this Court
6  enter judgment in favor of Plaintiff and against each and every
7  defendant for actual damages to be proven at trial in an amount
8  to be determined by a jury.

9      23. Pursuant to §1692k, Plaintiff prays that this Court
10 enter judgment in favor of Plaintiff and against each and every
11 defendant for statutory damages in an amount to be determined by
12 a jury.

13     24. Pursuant to §1692k, Plaintiff prays that this Court
14 enter judgment in favor of Plaintiff and against each and every
15 defendant for costs and, where applicable, attorney's fees in
16 amounts to be determined at the conclusion of the action.

17     25. Plaintiff seeks such other relief to be determined as
18 just and proper.

Dated this _7_ day of _APRIL_, 20_14_

By: _____

David Furlong
Plaintiff Pro Se